**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:27 pm, Mar 25, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | |
|---|---|
| IN RE: ) | Chapter 7 Case |
| ) | Number <u>12-30468</u> |
| ROBERT LEWIS OLIVER ) | |
| ) | |
| Debtor ) | |

## OPINION AND ORDER

Before the Court is a motion to waive the credit counseling requirement filed by Robert Lewis Oliver ("Debtor"). Debtor's pro se motion argues because of his "incapacity" and "disability" the Court should waive the requirement that he obtain credit counseling. Debtor's incapacity and disability is that he is elderly, wheelchair bound and in prison. Dckt. 4. For the following reasons, Debtor's motion is denied.

Section 109(h)(1) of the Bankruptcy Code provides that "an individual may not be a debtor under this title unless such individual has, during the 180-day period <u>ending</u> on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency ... an individual or group briefing ... that outline[s] the opportunities for available credit counseling and assist[s] such individual in performing a related budget analysis." 11 U.S.C. §109(h)(1)(emphasis added).

Pursuant to §109(h)(1) a debtor must request, but be

unable to obtain the credit counseling by the date of the filing of the petition. 11 U.S.C. §109(h); See In re Fiorillo, 455 B.R. 297, 302 n. 4 (D. Mass. 2011)(noting the Bankruptcy Technical Corrections Act of 2010 replaced "preceding" with "ending on" in section 109(h)). In this case, Debtor has made no showing that he attempted to obtain the counseling during the 180-day period ending on the date of filing of the petition and therefore he is not eligible to be a chapter 7 debtor.

Furthermore, Debtor's "disability" and "incapacity" do not meet the requirements of 11 U.S.C. §109(h). Section 109(h)(4) states that the requirements to take the credit counseling:

> shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. §109(h)(4). Debtor alleges he is entitled to waiver because of "incapacity" and "disability" due to his imprisonment, and the fact that he is elderly and in a wheelchair.

"Incapacity" is defined in §109(h)(4) as someone with a

2

mental illness or deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities. There is no evidence that the Debtor is incapable of realizing or making rational decisions with respect to his financial responsibilities. To the contrary, his pro se pleadings and bankruptcy petition indicate that he is more than capable of understanding credit counseling. Furthermore, based upon the definition set forth in the statute, I find incarceration does not meet the definition of incapacity; therefore, Debtor is not entitled to obtain a waiver of the personal financial management course due to his purported "incapacity."

"Disability" means "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." 11 U.S.C. §109(h)(4). Incarceration does not meet the definition of a "disability." As one court has explained:

> Being locked up may prevent [the debtor] from being able to take the approved financial management course, but that inability is not caused by physical impairment within the plain meaning of section 109(h)(4). . . if the word 'disability' meant inability to show up, it would have been unnecessary to add an exception for a person on 'active military duty in a military combat zone' because those words would merely describe a specific example of a situation manifesting the inability of a debtor to participate in a briefing or course and would therefore be redundant.

3

In re Goodwin, 2009 WL 6499330 at *1 (Bankr. N.D. Ga. March 12, 2009); see also In re Cox, 2007 WL 4355254 *2 (Bankr. M.D. Ga. Nov. 29, 2007); In re McBride, 354 B.R. 95, 99 (Bankr. D.S.C. 2006). Furthermore, being elderly and wheelchair bound does not make the debtor "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." See In re Alexander, 432 B.R. 41, 45 (Bankr. N.D.N.Y. 2010)(noting that the "disability" exemption is generally reserved for debtors who are severely physically impaired that would make credit counseling meaningless or even impossible.); In re Broner, 2012 WL 5940272 *1 (Bankr. N.D. Ohio Nov. 27, 2012)(debtor's being in a nursing home with limited mobility did not rise to the type of impairment intended to provide a basis for waiver under the statute). Debtor has not shown he has made a reasonable effort despite being in a wheelchair to obtain credit counseling. See In re Tulper, 345 B.R. 322, 326-27 (Bankr. D. Colo. 2006)(where debtor was tethered to a breathing apparatus, wheelchair bound and took 17 daily medications impairing her ability to understand information and husband was basically deaf, and the court found debtors had made a reasonable effort to address credit counseling through sessions with their accountant and lawyer).

The overwhelming majority of courts considering the issue have held that incarceration does not excuse a debtor from the

4

§109(h)(1) credit counseling requirement. See In re Bristol, 2009 WL 238002 (E.D.N.Y. Feb. 2, 2009); In re Anderson, 397 B.R. 363 (B.A.P. 6th Cir. 2008); In re Hubel, 395 B.R. 823 (N.D.N.Y. 2008); In re Vernon, 2013 WL 392476 (Bankr. D. Alaska Jan. 30, 2013); In re Patasnik, 425 B.R. 916 (Bankr. S.D. Fla. 2010); In re Alexander, 432 B.R. 41, 45 (Bankr. N.D.N.Y. 2010); In re Denger, 417 B.R. 485 (Bankr. N.D. Ohio 2009); In re Larsen, 399 B.R. 634 (Bankr. E.D. Wis. 2009); In re Goodwin, 2009 WL 6499330 (Bankr. N.D. Ga. Mar. 11, 2009); In re Rendler, 368 B.R. 1, 2-3 (Bankr. D. Minn. 2007); In re Cox, 2007 WL 4355254 (Bankr. M.D. Ga. Nov. 29, 2007); In re Halfpenny, 2010 WL 4261223 (Bankr. E.D. Pa. Oct. 22, 2010); In re Solomon, 436 B.R. 451 (Bankr. W.D. Mich. 2010); In re Scott, 2009 WL 1544454 (Bankr. E.D. Tenn. June 2, 2009); In re McBride, 354 B.R. 95 (Bankr. D.S.C. 2006), but see In re Vollmer, 361 B.R. 811 (Bankr. E.D. Va. 2009); In re Gates, 2007 WL 4365474 (Bankr. E.D. Cal. Dec. 12, 2007); In re Lee, 2008 WL 696591 (W.D. Tex. March 12, 2008).

Finally, this conclusion does not raise any due process concerns as:

> [B]ankruptcy is a civil-not criminal proceeding. Thus, the findings of those criminal cases affording extraordinary remedies to give a criminal litigant access to the Court and its processes are not applicable. There is no constitutional right in play here, and [the debtor] has no absolute right to appear telephonically. Where a court fashions alternative methods for a debtor to appear in

5

> extraordinary cases, it is a discretionary decision by that court as it exercises its inherent authority and its powers under §105. This authority is nearly always exercised in order to aid the classic 'honest but unfortunate debtor.'

In re Michael, 285 B.R. 553, 557-558 (Bankr. S.D. Ga. 2002)(not allowing incarcerated debtor to attend the §341 meeting telephonically).

One of the key facts in Anderson was that the prisoner could obtain a court order directing prison officials to allow a telephone call to a credit counseling agency. Anderson, 397 B.R. at 367. Debtor's schedules reflect he has $1,050.00 in a checking account and $990.00 in an inmate account. There has been no showing that he was unable to use these funds to purchase a phone card. Furthermore, he has made no showing of any attempt to obtain credit counseling.

The cases cited by Debtor reflect the minority view and are from other districts and not binding upon this Court. In re Gates, 2007 WL 4365474 (Bankr. E.D. Cal. Dec. 12, 2007); In re Tulper, 345 B.R. 322 (Bankr. D. Col. 2006)(the debtors were in a chapter 13, with physical impairments beyond being in a wheelchair and merely elderly); In re Lee, 2008 WL 696591 (W.D. Tex. March 12, 2008)(waived counseling with evidence that debtor's wife was unable to arrange for incarcerated husband to obtain credit counseling).

6

Because Debtor has not shown he attempted to obtain credit counseling before filing his chapter 7 bankruptcy petition and because Debtor has failed to show he is incapacitated or disabled within the meaning of 11 U.S.C. §109(h), his motion to waive the requirement of completing a course in credit counseling is ORDERED DENIED and the case is DISMISSED.

*/s/ Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 25th Day of March, 2013.